**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**DORIS THOMAS**                                                                                       **PLAINTIFF**

**VS.**                                         **CASE NO. 3:15CV00403 PSH**

**CAROLYN W. COLVIN, Acting Commissioner,
   Social Security Administration**                                               **DEFENDANT**


**ORDER**

Plaintiff Doris Thomas ("Thomas"), in her appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Colvin") to deny her claim for Disability Insurance benefits (DIB), contends the Administrative Law Judge ("ALJ") erred in finding she could perform her past relevant work, and in failing to fully and fairly develop the record. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on August 20, 2014. (Tr. 36-56). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Colvin's decision. 42 U.S.C. § 405(g).

Timing is a key feature in this case. Thomas protectively filed for DIB on September 16, 2013, alleging disability since June 30, 2007. Since her insured status expired on December 31, 2012, her burden was to demonstrate she was disabled between June 30, 2007, and December 31, 2012. The ALJ stressed this fact at the administrative hearing[1] and in his written decision[2].

---

[1] The ALJ stated, "Remember, too, m'am, we're talking about on or before December 31, 2012." (Tr.

Thomas' primary argument for reversal is the ALJ erred in finding she could perform her past relevant work as a hand packager and hospital housekeeper. Since the ALJ relied heavily on the scarcity of medical evidence, we briefly recount the medical records during the relevant time period:

| | |
|---|---|
| 8/22/08 | Thomas seen by treating physician Osborne. Thomas complained of arthritis in fingers and noted she could not afford previously prescribed medicine (Mobic). Osborne recorded that Thomas did not show for last appointment, and also informed Thomas of $4 plan at Wal-Mart to obtain Mobic. Osborne noted nodules on the first finger of left hand and second finger of right hand. Thomas was previously last seen by Osborne in May of 2007. (Tr. 279-283). |
| 10/10/08 | Thomas seen by Osborne for follow up on blood pressure. (Tr. 276-278). |
| 02/06/09 | Thomas seen by Osborne, complaining of not having her menstrual period for three months. (Tr. 273-275). |
| 08/21/09 | Thomas seen by Osborne for possible spider bite. (270-272). |
| 12/18/09 | Thomas seen by Osborne for check-up. Osborne's records reflect Thomas stated she "has been doing good" although her blood pressure "runs a little high." (Tr. 267-269). |
| 08/26/10 | Thomas seen by Osborne for yearly examination. Records show Thomas was doing fine on her prescriptions with no new complaints. (Tr. 233-236). |
| 07/19/11 | Thomas seen by Osborne for ear pain. (Tr. 229-232). |
| 03/09/12 | Thomas presents to Wagner Medical Clinic to establish care. Per her history, Thomas complained of elevated blood pressure, increased pain in her hands from osteoarthritis, and pain in the arch of her left foot. (Tr. 362-365). Dr. Wagner noted no clubbing, cyanosis or edema on Thomas' extremities. (Tr. 363). |

---

45).

[2] Noting Thomas' good work history prior to 2007, the ALJ continued, "Unfortunately, she just does not have a lot of medical evidence to support her claim prior to the date her insured status expired." (Tr. 30).

| | |
|---|---|
| 04/09/12 | Thomas seen for follow up with Dr. Wagner, who again noted no cyanosis, clubbing or edema of the extremities.  Dr. Wagner assessed her existing problem of hypertension as unchanged, and noted new problems of abnormal mammogram, diabetes mellitus - borderline, and hypothyroidism. (Tr. 349-350). |
| 05/21/12 | Thomas, seen for follow up with Dr. Wagner, also complained of right shoulder pain, radiating down her arm and shoulder.  Dr. Wagner recorded that Thomas was already taking Mobic. (Tr. 346-348). |
| 08/16/12 | Thomas seen by Dr. Wagner for follow up on thyroid issues and for a skin tag on her right eye.  (Tr. 338-339). |
| 11/15/12 | Thomas seen by Dr. Wagner for removal of skin tag and reevaluation of thyroid levels.  (Tr. 331-333). |

Some of Thomas' testimony concerned her impairments after December 31, 2012.  Also, many of the medical records pertain to treatment after the expiration of her insured status.  The ALJ cited medical records (Exhibits 2F, 7F, 8F, and 9F) after December 31, 2012, noting that he could not consider these reports in reaching his decision. (Tr. 30).  Thomas did explain that her biggest problem was hand and back pain, that she had that impairment in 2012, and her condition had slowly worsened.  (Tr. 45-48).

**Ability to Perform Past Relevant Work:** The ALJ concluded Thomas capable of performing her past relevant jobs as a hand packager or hotel housekeeper, both of which were unskilled jobs performed at the medium exertional level. Thomas argues that it was inconsistent for the ALJ to find her osteoarthritis was a severe impairment but that she could nonetheless perform the full range of medium work.  This argument is without merit.  An ALJ's finding of a severe impairment at step two does not automatically limit the claimant to less than medium work.  Instead, the ALJ is tasked with determining a claimant's residual functional capacity ("RFC"), which is a consideration of a claimant's ability to perform work despite her limitations, both severe and non-

3

severe. Here, the ALJ found Thomas capable of performing the full range of medium work, despite her impairments. The key inquiry, then, is not the existence of a severe impairment but whether the RFC determination is supported by substantial evidence.

The RFC need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt his/her findings as the appropriate RFC. Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). Here, the ALJ found Thomas capable of performing medium work. Given the paucity of medical evidence and the thorough analysis performed by the ALJ, we find substantial evidence supports the ALJ's RFC findings.

Thomas contends the ALJ should have found the lack of medical evidence was due to her lack of financial resources. The flaw with this argument is that although the medical records show some financial issues were present (e.g., Thomas' need for and provision of inexpensive medications) there is no showing that her means prevented her from seeking or obtaining care. She was able to see Drs. Osborne and Wagner numerous times during the relevant time period. Typically, she saw these doctors for ailments other than her allegedly disabling osteoarthritis. There is no merit to Thomas' claim of error in the ALJ's treatment of her financial circumstances.

Finally, Thomas urges the ALJ should have more fully developed the record. It is undisputed that the ALJ has a duty to fully and fairly develop the record, even when the plaintiff is represented by counsel. Thomas had counsel at the administrative hearing, and is represented by counsel in this case. Specifically, Thomas contends the ALJ should have contacted doctors who treated her prior

to December 2012 or the ALJ should have sent Thomas for a consultative examination. There is no merit to either of these contentions. The medical records of Drs. Osborne and Wagner during the relevant period are thorough. To request an opinion years after treatment would add little to the record. Further, a consultative examination several years after the expiration of the insured status would shed little light on Thomas' condition prior to December 31, 2012.

There is no error in the ALJ's reliance upon the record before him. The objective medical evidence in this case was adequate and the ALJ's decision was well-informed. Under these circumstances, we find no error in the ALJ's reliance upon the record before him, and on his decision not to seek further evidence on other issues.

In summary, we find the ultimate decision of Colvin was supported by substantial evidence. We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion. The test is whether substantial evidence supports the ALJ's decision. *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). This test is satisfied in this case.

IT IS THEREFORE ORDERED that the final decision of Colvin is affirmed and Thomas' complaint is dismissed with prejudice.

IT IS SO ORDERED this 31st day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE